IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOROMI RADEL WASHINGTON,<br><br>  Plaintiff,<br><br>  vs.<br><br>VICTIM COMPENSATION AND GOVERNMENT CLAIMS BOARD, GOVERNMENT CLAIMS BRANCH; PAUL BERNAL, Santa Clara County Judge; and J. PREMO, 6th Appellate District Judge,<br><br>  Defendants.<br>_____ / | No. C 09-1291 WHA (PR)<br><br>**ORDER OF DISMISSAL** |

Plaintiff, an inmate at the Federal Correctional Complex in Florence, Arizona, has filed a pro se civil rights complaint. His motion for leave to proceed in forma pauperis has been granted.

## DISCUSSION

**A.  STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2).

**B.   LEGAL CLAIMS**

Plaintiff has not stated a claim against defendant Victim Compensation and Government Claims Board because state agencies cannot be sued in federal court. *See, e.g., Brown v. Cal. Dep't of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) (California Department of Corrections and California Board of Prison Terms entitled to 11th Amendment immunity); *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156,1161 (9th Cir. 2003) (11th Amendment bars suit against state superior court and its employees).

Plaintiff also asserts claims against judges of the Santa Clara County Superior Court and the California Court of Appeal, complaining that they improperly denied his petitions to obtain medical records. Plaintiff's claims clearly arise from actions taken by defendants in their judicial capacity, for which the are absolutely immune from claims for damages. *See Pierson v. Ray*, 386 U.S. 547, 553-55 (1967) (applying judicial immunity to actions under 42 U.S.C. § 1983). And although judicial immunity does not bar plaintiff's injunctive relief claim, *see Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984), section 1983 itself provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. 1983. Plaintiff does not base his claims on violation of a declaratory decree, or allege that declaratory relief was not available, so he has stated a claim for neither injunctive relief nor damages.

Because no amendment could change the fact that plaintiff's claims are against immune judges and against a state agency that cannot be sued in federal court, this case will be dismissed without leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1127, 1129 (9th Cir. 2000) (en banc) (leave to amend not necessary when no amendment could save complaint).

**CONCLUSION**

This case is **DISMISSED** with prejudice. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: April   20  , 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.09\WASHINGTON1291.DIS.wpd